No. 124.—JAMES EDMONDSON, plaintiff in error, *vs.* A. M. WALLACE, for the use of William Wallace, defendant in error.

[1.] A motion for a new trial was put upon this, among other grounds: that two of the Jury had been of a former Jury which had made a mistrial in the case, and that this fact was unknown to the movant.   No evidence was offered going to show that his Counsel did not know it.   The two Jurors swore, that in agreeing to the verdict, they went by the evidence, uninfluenced by their previously formed opinion.   The evidence was such as required them to agree to the verdict.   The Court refused the motion: *Held,* that the Court did right.

Assumpsit, in Murray Superior Court.   Tried before Judge TRIPPE, April Term, 1856.

The declaration in this case contained two counts: one for money had and received; the second on a receipt given by the defendant to the plaintiff. It was alleged, that on the 2d day of March, 1849, the defendant made and delivered to the plaintiff, A. M. Wallace, a receipt for a note on William Whitten and the defendant for four hundred and five dollars, with a credit of ten dollars, which note was to be applied to the payment of two notes then sued by Rice Dulin, in Murray Superior Court, against the plaintiff, for the sum of four hundred dollars. It was further alleged, that Dulin obtained judgments on said notes; that the same are yet unpaid, and that they have been transferred to William Wallace for a valuable consideration, who thereby became the legal owner of the same; that the defendant has received the full amount of the note, and has failed to apply it to the payment of the Dulin claims against the plaintiff, but has appropriated the same to his own use, &c.

At the ——— Term, 185–, there was a mistrial in the case, and it was carried to the appeal by consent.

On the trial on the appeal at April Term, 1856, the plaintiff read in evidence the testimony of WILLIAM WHITTEN, taken by interrogatories, who stated that he gave a note to Alexander M. Wallace, or Leak Wallace, in 1848, for about $405, which note he had paid to the defendant in February, 1851, witness having previously renewed the original note to the defendant.

DAWSON A. WALKER, sworn: He saw the original receipt of Edmondson; it was correctly set forth in the declaration; the consideration was, that Edmondson would go Wallace's bail for the amount of Dulin's notes, and this was expressed in the body of the receipt; it was to go to the payment of Dulin's notes for about $200 each, on which Dulin had sued Wallace and held him to bail; Edmondson went bail for Wallace and employed witness to dismiss the bail in the cases, which he did.

The original receipt had been lost pending the appeal, which loss was shown by the plaintiff.

The plaintiff closed his case, and Counsel for defendant moved the Court to dismiss the case, on the ground that plaintiff had not showed that the notes of Rice Dulin were still unpaid. The Court allowed plaintiff to introduce in evidence two *ca. sas.* in favor of Dulin *vs.* Wallace, issued from Murray Superior Court; to which Counsel for defendant excepted.

Counsel for defendant requested the Court to charge the Jury, that the allegations and proof of the plaintiff must agree, and that in this case they did not agree. (The Court charged the first part of the request, and refused to give the latter in charge.)

Counsel further asked the Court to charge the Jury, that this suit was brought in the name of an improper party. 3d. That the copy receipt could not be read in evidence under the declaration. 4th. That this was an action for money had and received, and that plaintiff must prove beyond controversy, that defendant got the money on the note mentioned in the declaration. 5th. That the proof showed this to be a contract of indemnity, in consideration defendant would become the bail of A. M. Wallace, which the Court refused to charge; to which refusals to charge, Counsel for defendant excepted.

The Jury found a verdict for the plaintiff for the sum of $395 84, with interest thereon.

Whereupon, Counsel for defendant moved the Court for a new trial, upon the following grounds:

1st. Because the allegations and proof of plaintiff do not agree.

2d. Because the testimony showed the right of action to be in another person, and not in the plaintiff.

3d. Because the action was for money had and received by defendant on a note dated 6th of February, 1849, and there was no proof going to show that the defendant ever received from Whitten, the maker, any money on a note of that date.

4th. Because the Court allowed the plaintiff to introduce

in evidence the *ca. sas.* of Rice.Dulin against Wallace, after the testimony had been submitted to the Jury, and after argument had been had on a motion to dismiss the case.

5th. Because two of the Jury that rendered the verdict were members of the Jury by whom a mistrial had been made on a previous occasion; which fact was unknown to the defendant until after the rendition of the verdict.

Affidavits were submitted to sustain the last ground taken in the rule for a new trial.

The plaintiff also submitted the affidavits of the two Jurors, stating that they gave their verdict according to the evidence, and uninfluenced from having set as Jurors on a previous trial of said case.

The Court over-ruled the motion for a new trial, and Counsel for the defendant excepted.

WRIGHT; COOK, for plaintiff.

UNDERWOOD, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The question in this case is, whether the Court was right or not in refusing to grant the motion for a new trial?

The only ground in that motion argued before this Court was the last. And that is the only ground which will be discussed by this Court. The insufficiency of the others becomes manifest as soon as they are seen.

The last ground was this: "Because two of the Jury that rendered the verdict were members of the Jury by whom a mistrial had been made on a previous occasion; which fact was unknown to the defendant until after the verdict."

We agree with the Court below in thinking this ground not sufficient.

If Edmondson himself did not know the fact referred to in this ground, it is to be presumed that his Counsel did. It is to be presumed that they, at least, were present at the mis-

trial, and if they were so present, they must have seen every member of the Jury that made the mistrial. There is no affidavit from them of forgetfulness or other thing to relieve the case from this presumption.

And if Edmondson's Counsel knew of the fact, it was the same, so far as the present question is concerned, as if he himself knew of it.

Besides, the two Jurors swear that they were not influenced by their previously formed opinion, but were governed solely by the evidence, and the evidence is such that it might well have governed them in their concurrence in the verdict. Indeed, it is such that it required them to agree to the verdict.

We see nothing to justify disturbing the refusal of the Court to grant a new trial in this case.