<hr />

## GARTHWAITE, GRIFFIN & CO. VS. TATUM.

Where a jury has rendered a verdict in one case, and are called as jurors in another in which the issues are the same, and the evidence will be the same, as in the case already passed upon, the law presumes them to be under a disqualifying bias.

*Appeal from Union Circuit Court.*

Hon. SHELTON WATSON Circuit Judge.

CARLETON for the appellants.

A party has a right to an impartial jury (*sec.* 101, *ch.* 126 *Dig.*;) the jurors having just passed upon a case where the issues and evidence were the same as in this, were incompetent for having formed and expressed an opinion. *Wood vs. Stoddard,*

2 *John. Rep.* 194; *Black vs. Millpaugh,* 1 *Ib.* 316; *Rogers vs. Rogers,* 14 *Wend.* 131.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

This case was brought here by appeal from a judgment for the defendant below, the appellee here.

It is like the case of *Gould & Co. vs. Tatum,* just decided, being an action of debt upon a note executed at the same time with the note in that case, in which the issues were the same. The same testimony of Whitt and Lee was given in this case, as in the other, and under like circumstances. A similar motion for a new trial similarly met, and with like result, as shown in the transcript.

There was no such evidence as that of the endorsement on the note, and the reading of the declaration in the other case.

The case of *Gould & Co. vs. Tatum* was first tried; upon the next day this case was called, and the same jurors that tried that case were brought to try this case. It was admitted by the parties that the issues in this were the same as in that case, and that the evidence would be the same, except the note sued on, and the plaintiffs objected to the proposed jurors as disqualified from sitting as a jury in this case. The court overruled the objection.

By their verdict in the other case, the jurors had formed and expressed their opinion upon this case. And the fact that this was done on oath, after hearing all the facts, and after full deliberation thereon, amid the solemnities and under the direction of judicial proceedings, could have no other effect than to incline them to render such verdict as they had rendered the day before. The law presumes them to have been under a disqualifying bias, and the objection of the plaintiff should have been sustained.

This case, free from two of the errors attending *Gould & Co. vs. Tatum* and charged with the other one just indicated, must go with it, and the judgment is reversed with the instructions given in the other case.