French vs. The State. ·

FRENCH, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 9 — May 23, 1893.*

CRIMINAL LAW AND PRACTICE. (1, 2) *Constitutional law: Trial by impartial jury: Jury which has disagreed as to insanity.* (3) *Presence of accused in court: Record.*

1. A jury which has disagreed upon the trial of a special issue as to the insanity of an accused person is not "an impartial jury" for a trial upon his plea of not guilty, which also involves the question of insanity; and to compel him to submit to the latter trial before such jury is a violation of his constitutional rights.

2. Ch. 164, Laws of 1883 (S. & B. Ann. Stats. sec. 4697), does not require the trial upon the plea of not guilty to proceed before the same jury that has disagreed upon the special issue.

3. A conviction of murder cannot be sustained where neither the minutes of the clerk nor the record shows that the prisoner was present in court when the verdict of guilty was rendered, or that he was present when the sentence was pronounced against him or immediately before, or that he was asked by the court if he had anything to say why he should not be so sentenced.

ERROR to the Circuit Court for *Ashland* County.

The facts are stated in the opinion.

For the plaintiff in error there was a brief signed by *Geo. F. Merrill,* attorney, and *Charles N. Gregory,* of counsel, and a supplemental brief signed by *Mr. Gregory* only; and the cause was argued orally by *Mr. Gregory.* They

argued, among other things, that the prisoner must be
present throughout a trial for felony, and especially for
homicide; that this presence must appear by the record;
that its failure so to appear by record is reversible error,
reached by a writ of error, and a violation of art. XIV,
Amend. Const. of U. S., by depriving the accused of liberty
without due process of law. Sec. 4693, R. S.; art. VI,
Amend. Const. of U. S.; sec. 7, art. I, Const. of Wis.;
Whart. Crim. Pl. & Pr. (9th ed.), §§ 540, 545, 549; 1 Bish.
Crim. Proc. (3d ed.), § 1353; *Dougherty v. Comm.* 69 Pa.
St. 286; *Prine v. Comm.* 18 id. 103; *Hooker v. Comm.* 13
Grat. 763; *Dyson v. State,* 26 Miss. 362; *Rolls v. State,* 52
Miss. 391; *Bearden v. State,* 44 Ark. 331; *Smith v. People,*
8 Colo. 457; *State v. Schoenwald,* 31 Mo. 147; *State v. John-
son,* 35 La. Ann. 208; *State v. Jones,* 61 Mo. 232; *Shapoon-
mash v. U. S.* 1 Wash. T. 188; *Lovett v. State,* 29 Fla. 356;
Chit. Crim. Law, *414; *State v. Buckner,* 25 Mo. 167; *State
v. Braunschweig,* 36 id. 397; *State v. Matthews,* 20 id. 55;
*State v. Cross,* 27 id. 332; *People v. Perkins,* 1 Wend. 91;
*Clark v. State,* 4 Humph. 254; *Andrews v. State,* 2 Sneed,
550; *Scaggs v. State,* 8 Smedes & M. 722; *Hopt v. People,*
110 U. S. 574; *Ball v. U. S.* 140 id. 118, 129–133; *Sylvester
v. State,* 71 Ala. 17; *State v. Greer,* 22 W. Va. 800; *Ander-
son v. State,* 3 Pin. 367; *Sasse v. State,* 68 Wis. 530. No
presumption will be indulged in favor of an arraignment,
and if the record fails to show it the verdict will be set
aside. *Douglass v. State,* 3 Wis. 820; *Davis v. State,* 38 id.
487. The permanent record ought to show a constitutional
trial. The court has no jurisdiction to try for felony an
absent man, and the presumptions indulged in civil suits
do not apply. In a criminal trial defendant must expressly
relinquish a right before he can be understood to waive it.
*Comm. v. Andrews,* 3 Mass. 126. And such relinquishment
must be in the manner provided by law in any right as to
jury trial. *Biggs v. Lloyd,* 70 Cal. 447.

Ch. 164, Laws of 1883, providing that in case of a disagreement of the jury on the special issue of insanity the accused shall be put to his trial on the issue of not guilty, and "the question of insanity involved in such special issue shall be tried and determined by the jury with the plea of not guilty," is in violation of art. VI, Amend. Const. of U. S., and sec. 7, art. I, Const. of Wis., since it deprives the accused of his right to a trial by an *impartial* jury. Where the issue of insanity arises it is commonly, it is in this case substantially, the sole defense. In case of a disagreement every juror is on his oath committed upon it one way or the other. They have each of them not only entertained but, under oath, expressed a determined opinion for or against the accused on the main, and in this case the *sole,* issue on trial. And under the act. of 1883, they are called upon, not to pass upon a new issue, as under sec. 4697, R. S., before it was amended by the act of 1883, but to proceed at once to the trial and determination of the same issue. Kindred with the objection made here is the principle that a grand juror having found an indictment cannot sit on the petit jury for its trial. *Oates' Case,* 10 How. St. Tr. 1079–1081; 1 Bishop, Crim. Proc. (2d ed.), §§ 911, 912, note 4; *Colledge's Case,* 8 How. St. Tr. 588; Hawkins' P. C. (Leach's ed.), bk. 2, ch. 43, § 27; R. S. sec. 4688; *Bennett v. State,* 24 Wis. 57; *Roy v. Percival,* 1 Sid. 243; *Rice v. State,* 16 Ind. 298; *Stewart v. State,* 15 Ohio St. 155. So a petit juror on a former trial is not competent to serve on the second hearing, even in a civil case. *Edmondson v. Wallace,* 20 Ga. 660; 1 Bishop, Crim. Proc. (2d ed.), § 913; *Garthwaite v. Tatum,* 21 Ark. 336; 1 Co. Litt. 157b (c); *Argent v. Darrell,* 2 Salk. 648; *Weeks v. Medler,* 20 Kan. 57. In many states such former service expressly excludes a juror by statute. Texas R. S. sec. 636; N. Y. Crim. Code, 1881, sec. 377; Iowa R. S. 1860, sec. 4771; *State v. Sheeley,* 15 Iowa, 404; *State v. Leicht,* 17 id. 28; Thomp. & M.

Juries, 195–6.   See, also, *Dunn v. State*, 7 Tex. App. 607; *Willis v. State*, 9 id. 297.   The question whether a juror is impartial is a judicial one, and the courts will not be limited by a legislative enactment in determining such a question.   *Block v. State*, 100 Ind. 357; *Greenfield v. People*, 74 N. Y. 277.   In the present case the disqualification complained of in the jurors arose long after the time when the accused had a right of challenge.   *State v. Cameron*, 2 Pin. 490; Thomp. & M. Juries, § 265, and cases cited.   Where the jurors cease to be partial, or declare or exhibit such prejudice as prevents a proper determination by them, at a stage of the trial subsequent to the time for challenging, it is due cause for a new trial.   *State v. Carter*, 25 Weekly Law Bull. 17; *Martin v. State*, 25 Ga. 494.   The accused could not waive a trial by jury (*State v. Lockwood*, 43 Wis. 403), and it would be strange if his constitutional right to a trial by an *impartial* jury could be held waived in any way, and least of all by the implication of silence, there being no express or statutory waiver.   See *Biggs v. Lloyd*, 70 Cal. 447; *Home Ins. Co. v. Security Ins. Co.* 23 Wis. 174. If the act of 1883 did not violate specific requirements of the constitution it ought to be held void because it violates fundamental principles of law and justice.   *Durkee v. Janesville*, 28 Wis. 464; *Hughes v. Fond du Lac*, 73 id. 382; *Johnson v. Waukesha Co.* 64 id. 289.   A trial for murder is still a trial for "a capital offense," and the accused has the same rights to a strict enforcement of laws designed for his protection.   *Sasse v. State*, 68 Wis. 537.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by *Mr. Clancey.*   They contended, *inter alia*, that when the courts have held that the appearance of the prisoner in court during the trial must be shown affirmatively by the record, they did not mean to hold that such appearance must be shown from the records kept in a

particular book, but from the entire records which furnish a complete history of the case; and it is apparent from sec. 742, R. S., that the legislature intended that the several books which clerks of circuit courts are required to keep shall constitute a complete record of all matters, proceedings, and cases tried in such courts. See *Peterson v. State*, 45 Wis. 535; Abbott, Law Dict. 388; *Schirmer v. People*, 33 Ill. 276. At common law the prisoner was not entitled to counsel to assist in his defense, and this furnished a valid reason for the common-law courts to hold that the prisoner's presence during every stage of the trial must be shown affirmatively by the records. But the reasons for adhering strictly to this rule are not so cogent now and under constitutions like ours. It is not of so much importance under our laws that the defendant be present as that his counsel be. In *Hill v. State*, 17 Wis. 675, this court criticised the case of *Prine v. Comm.* 18 Pa. St. 103, cited by plaintiff in error, and indicated that it was not prepared to adopt the decision of the Pennsylvania court in cases like this. Conceding that the prisoner must be present in court at trial, verdict, and sentence, it does not follow that his presence at such times must appear affirmatively by the record. In this case the record shows that he was duly arraigned, was present in court during the trial of the special issue and also during the trial of the main issue, and that he was also present during the calling and testing of jurors on both issues. No motion in arrest of judgment was made so that errors appearing in the record could be first considered by the trial court. In the motion for a new trial no mention is made of the absence of the plaintiff in error during any stage of the trial. He was defended by able counsel who knew what his rights were, and who would undoubtedly have made timely objection to his absence. The inference is irresistible that he was in court during the time occupied by the trial,

and was not absent at any time when the law required him to be present. See *Barrett v. State*, 1 Wis. 175; *Griswold v. State*, 24 id. 145, 146. The presence of the prisoner may be inferred from the record, and need not be explicitly stated at each stage of the procedure. *Lawrence v. Comm.* 30 Grat. 845. The presumption is that the court performed its duty, and that the prisoner was present. *Dodge v. People*, 4 Neb. 220; *State v. Craton*, 6 Ired. Law, 164; *Sweeden v. State*, 19 Ark. 205; *Stephens v. People*, 4 Parker, Crim. Rep. 396, 19 N. Y. 594; *Schirmer v. People*, 33 Ill. 276. When the record shows that the defendant in a criminal action was present at the commencement and conclusion of a trial, in the absence of any affirmative showing to the contrary it will be presumed that he was present during the trial and at the rendition of the verdict. *State v. Wood*, 17 Iowa, 18; *Rhodes v. State*, 23 Ind. 24; *Jeffries v. Comm.* 12 Allen, 146.

ORTON, J. The plaintiff in error was tried, convicted, and sentenced for the murder of Gavin M. Steel on the 5th day of March, 1891. A motion in arrest of judgment and a motion for a new trial were overruled. The case comes before this court on writ of error; and a great many errors are assigned for the reversal of the judgment. The first two errors assigned and urged by the learned counsel of the plaintiff in error appear by the record, and are of the gravest importance and material, and in our opinion are fatal to the conviction. It is necessary to consider only these, as a new trial must be had in the case; and the other errors assigned, of less importance and not so clearly apparent, may not again occur.

1. The prisoner was compelled to be tried before the same jury that had heard and considered the evidence on the special issue of insanity and had been unable to agree and had been discharged from further consideration

of such special issue as such.   The provisions of the Re-
vised Statutes on this subject were such that, if the jury
impaneled to try such special issue of insanity failed to
agree, the court could discharge them and impanel another
jury to try the same, and so on until there should be an
agreement and verdict as in other cases.   To remedy what
was supposed to be an omission or defect, ch. 164, Laws of
1883, was enacted, as follows: "If the jury shall be unable
to agree upon a verdict on the trial of such special issue,
the court shall for that reason discharge them from the
further consideration of such special issue as such, and, un-
less such special plea be withdrawn by such accused person
or counsel in his behalf, the court shall forthwith order the
trial upon the plea of not guilty to proceed, and the ques-
tion of insanity involved in such special issue shall be tried
and determined by the jury with the  plea  of  not guilty."
Under this provision the circuit court, when the jury im-
paneled to try such special issue of the insanity of the ac-
cused when he did the killing were unable to agree upon a
verdict, ordered the trial upon the plea of not guilty to
proceed before the same jury.

This was a very grave error.   This statute does not so
provide.   If it did, its constitutionality would be at least
questionable.   The court should "forthwith order the trial
upon the plea of not guilty to proceed" before another
jury, to be selected, impaneled, and sworn to try the case.
This is consistent with the act and the prisoner's rights.
This jury had heard all the evidence and arguments, as
well as the instructions of the court on the issue of insanity,
the question on which the guilt or innocence of the ac-
cused depended, and had deliberated upon it sufficiently to
know that they were unable to agree, and had disagreed.
The very fact of their disagreement implies that they had
all formed opinions on it, and that their opinions did not
agree.   Part of the jury had formed an opinion that the

accused was insane, and part that he was not. It is said, although it is not material, that the jury stood ten one way and two the other way. The same issue of the insanity of the accused was still undetermined, and had to be tried again with his plea of not guilty. He had the undoubted right to have that question, as well as all others involved in his plea of not guilty, tried by an impartial jury.

The case stood precisely as it would if these statutes in relation to a special issue of insanity had not been enacted. The accused is placed on trial for the crime. His insanity is a question material to the case. A jury is forced upon him to try his case, all of whom had formed and expressed an opinion on the question whether he was or was not insane when he killed the deceased. Does the law suffer or sanction such a biased, partial, and prejudiced jury for the trial of one charged with the crime of murder? Any one would say that this would be a judicial outrage upon the legal and constitutional rights of the accused. And yet this is just such a case. The accused has the right to demand that he be tried before a fair and impartial jury. Const. art. I, sec. 7, provides that the accused shall have "a speedy public trial before an *impartial* jury." Besides this, the right of the accused to have a jury specially selected and impaneled to try him for the crime charged, and his right of challenge, were cut off and denied. It is obvious and self-evident that this jury was an unlawful one, and that the accused was deprived of his constitutional right of trial by jury.

It has been uniformly held, and from early times in the history of jury trials for crime, that the grand jury that found the indictment, and each one of them, is disqualified from sitting on the petit jury to try the accused. *Oates' Case*, 10 How. St. Tr. 1079–1081; 1 Bish. Crim. Proc. § 912; *Colledge's Case*, 8 How. St. Tr. 550; Hawk. P. C. bk. 2, ch. 43, § 27. Our own statute disqualifies the grand juror

from being a petit juror on the trial of the case. Sec. 4688, R. S. "It is the right of the accused who is to be tried by a jury that the first opinion formed by the jurors shall be the one which results from the evidence produced at the trial." Therefore the members of the grand jury that framed the indictment, and those who have passed upon the question as jurors in the same case, are disqualified to be jurors to try the accused. 1 Bish. Crim. Proc. § 911; *Rice v. State,* 16 Ind. 298; *Stewart v. State,* 15 Ohio St. 155. A juror on a former trial that resulted in a mistrial is not competent to serve on the second trial. *Edmondson v. Wallace,* 20 Ga. 660. And that is so, even if the case is not the same, if the issues and the defendant are the same. *Garthwaite v. Tatum,* 21 Ark. 336. A juror who has formed an opinion on hearing all the evidence in the case, not then being a juror, is disqualified. Much more, where the juror has heard the evidence and formed an opinion once as a juror, is he disqualified. *Argent v. Darrell,* 2 Salk. 648; *Weeks v. Medler,* 20 Kan. 57; *State v. Sheeley,* 15 Iowa, 404; Thomp. & M. Jur. 195; *Greenfield v. People,* 74 N. Y. 277. Many more authorities are cited to the same principle in the very excellent brief of the learned counsel of the plaintiff in error. But, as said before, it is self-evident that such a jury is not only disqualified from trying the accused for the crime charged, but to force the accused to be tried before such a jury is a denial of his right to a jury trial, so clearly protected by the constitution and the laws. If the grand jury are unfit jurors to try the accused, on the ground that they have formed an opinion in the case and expressed it by the indictment on a mere *ex parte* examination of the evidence, much more is this jury, that has heard all the evidence on both sides and disagreed in their opinions.

2. It is conceded by the learned attorney general that neither the minutes of the clerk nor the record shows that the prisoner was present in court when the verdict of guilty

was rendered against him by the jury, or that he was present when the sentence was pronounced against him or immediately before, or that he was asked by the court if he had anything to say why he should not be so sentenced. The record does not show that he was present at any time during the trial for the crime, except when he was arraigned and pleaded. It was his constitutional right, that he may not waive, to be present during the whole trial, and " meet the witnesses face to face," and " to be confronted with the witnesses against him." Art. VI, Amend. Const. of U. S.; sec. 7, art. I, Const. of Wis. This is not only the indispensable right of the accused, but the record must show that he enjoyed that right or it does not show that he had a legal and constitutional trial. " In felonies the record must show the defendant to have been present. at the arraignment and testing of the jurors." " In capital cases, if. not in all felonies, the record must show that the defendant was present at the trial, verdict, and sentence." Whart. Crim. Pl. & Pr. §§ 545, 549. The crime of murder is still a capital crime in this state, because so recently followed by the death penalty. *People v. Perkins,* 1 Wend. 91. In such cases "the presence of the prisoner is essential, and where the law requires it the record must show it." 1 Bish. Crim. Proc. § 1353; *Dougherty v. Comm.* 69 Pa. St. 286; *Prine v. Comm.* 18 Pa. St. 103. This is the rule as well in all felonies. *Hooker v. Comm.* 13 Grat. 763; *Dyson v. State,* 26 Miss. 362; *Rolls v. State,* 52 Miss. 391; *Bearden v. State,* 44 Ark. 331; *Smith v. People,* 8 Colo. 457; *State v. Johnson,* 35 La. Ann. 208; *State v. Jones,* 61 Mo. 232; *Shapoonmash v. U. S.* 1 Wash. T. 188; *Lovett v. State,* 29 Fla. 356; Chit. Crim. Law, 414; *State v. Buckner,* 25 Mo. 167; *State v. Matthews,* 20 Mo. 55; *Clark v. State,* 4 Humph. 254; *Andrews v. State,* 2 Sneed, 550; *Scaggs v. State,* 8 Smedes & M. 722; *Hopt v. People,* 110 U. S. 574; *Sylvester v. State,* 71 Ala. 17. No presumption will be indulged

in that the prisoner was present if the records fail to show it. *Douglass v. State*, 3 Wis. 820; *Davis v. State*, 38 Wis. 487. This is held as to the arraignment of the prisoner, but his *presence* is just as essential. In the late case of *Ball v. U. S.* 140 U. S. 118, it is held essential that the record should show that the prisoner was present and asked before sentence whether he had anything to say why sentence should not be pronounced against him. The chief justice cites *Rex v. Harris*, 1 Ld. Raym. 267; 2 Hale, P. C. 401; Com. Dig. INDICTMENT, N; 2 Hawk. P. C. c. 48, § 22; Whart. Crim. Pl. & Pr. §§ 549–906; *Messner v. People*, 45 N. Y. 1; *Dougherty v. Comm.* 69 Pa. St. 286; 1 Bish. Crim. Proc. §§ 275, 1293, and other cases cited above. This case is of itself the highest authority as to this constitutional right of a prisoner in a capital case.

The learned counsel of the plaintiff in error has also briefed this question very ably and exhaustively, and has made many quotations of the text of the opinions to which reference may be made. Many of the above authorities also hold that no presumptions will be indulged in to supply the record in such a case, and that there is no waiver of the right less than a positive and personal relinquishment of it, and this I understand to be the effect of our own decisions. The learned attorney general has cited a few cases that seem to hold the other way, but they are certainly against the great weight of authority in this country as well as in England. These great common-law rights have been made constitutional provisions in the various states, and so made essential and paramount, and also indispensable in trials for capital offenses and felonies. It is not too strict to hold that in all such cases the accused must be present in court to meet the witnesses face to face, and to test the jury, and when the verdict is rendered, and be asked if he has anything to say why the sentence should not be pronounced against him, and to meet his sentence,

and also still more important that he have a trial "by an impartial jury." These are great constitutional safeguards against oppression and injustice that must not be abridged or compromised.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial. The warden of the state prison at Waupun will deliver the prisoner to the sheriff of Ashland county, to be held in custody by him until he is discharged from such custody according to law.