FRENCH, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 16, 1897 — January 11, 1898.*

*Criminal law and practice: Drawing jurors: Error, when cured: Bill of exceptions.*

1. In a criminal case, error in ordering the drawing of additional names from the supervisors' lists under ch. 126, Laws of 1895, when the regular panel was full, is *held* to have been cured, where, before the jury was completed, the court sustained the defendant's objection to the special jurymen so drawn, and discharged them, and directed the sheriff to summon additional jurymen from the body of the county as provided by sec. 2538, R. S. 1878, from whom, in addition to the regular panel, the jury was finally completed.

2. No question as to the regularity of the jury in a criminal case is available on writ of error, where no objection of any kind was made to it in the trial court.

3. The action of the trial court in a criminal case in permitting the testimony of a witness on a former trial to be read in evidence, in pursuance of an oral stipulation between the attorneys but against the objection of the defendant himself, cannot be reviewed on writ of error, unless such testimony is preserved in the bill of exceptions.

ERROR to review a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

*Willis V. Silverthorn,* for the plaintiff in error.

For the defendant in error there was a brief by *Geo. H. McCloud,* district attorney, and *R. Sleight,* and a separate brief and oral argument by *John L. Erdall,* first assistant attorney general.

WINSLOW, J. The plaintiff in error was convicted of murder in the second degree at the September, 1896, term of the circuit court for Ashland county, and prosecutes his writ of error. Two former convictions have been reversed by this court. 85 Wis. 400; 93 Wis. 325. The facts of the homicide will be found fully stated in the opinion upon the second reversal, and no further statement is now necessary.

A special plea of insanity was interposed and tried, resulting in a disagreement and discharge of the jury, whereupon the plaintiff in error was tried upon the plea of not guilty, and convicted. It is contended that the judgment should be reversed (1) for error in the drawing of the jury, and (2) for error in the admission of written evidence; both of said alleged errors having been committed upon the trial of the special plea of insanity.

1. It is well-nigh impossible to ascertain from the confused and fragmentary statements contained in the record just what the facts were in relation to the drawing of the jury, but it seems certain that it does not affirmatively show that there was error. As near as we can ascertain the facts, they seem to be as follows: There was a full panel of jurymen present, regularly drawn, when the case was called. The court, fearing that the number would be insufficient, ordered fifty names drawn from the lists furnished by the supervisors, under ch. 126, Laws of 1895, and directed a venire to issue for them. Meanwhile the drawing of the jury from the regular panel proceeded. Before the jury was completed, the court concluded that his former order was erroneous, and sustained defendant's objection to the special jurymen thus drawn from the lists, and discharged them, and directed the sheriff to summon twenty jurymen from the body of the county, under R. S. sec. 2538; and from these last-named jurymen, in addition to the regular' panel, the jury was finally completed. If, in fact, the course of events was not as above indicated, certainly the fact is not shown by the bill of exceptions, or by the clerk's minutes; nor is it shown how many of his peremptory challenges had been used by the defendant, nor was there any challenge to the array, nor any objection of any kind made to the jury as finally constituted and sworn. The court was undoubtedly wrong in ordering the drawing of additional names from the supervisors' lists, under ch. 126, Laws of 1895, for the

reason that the regular panel was full, and that chapter is only designed to cover the case of an entire absence of jurors upon the regular panel, or the case of a deficiency in numbers of the regular panel. But this error was corrected and the proper course adopted, under R. S. sec. 2538; therefore no prejudicial error appears to have been made. Moreover, the jury, as finally constituted and sworn, was not objected to in any manner. As to the jury on the second trial under the plea of not guilty, no objection of any kind was made, so that no question as to its regularity is before us.

2. At the commencement of the trial it was stipulated in open court by counsel, in the presence of the defendant and without objection from him, that when either party should be unable to procure the attendance of any witness who had testified on any former trial, the testimony of such witness might be read from the transcript of such former trial. Under this stipulation the trial proceeded, and the defendant introduced the testimony of several witnesses in his behalf by reading the same from the transcript of former trials. When, however, the state attempted to introduce the evidence of one Carr, a witness who was out of the state and whose attendance could not be procured, the defendant *in person* objected to it, saying: "I can impeach that by the testimony of Mr. Hencke, and for the further reason that the witness is not face to face with me,— no chance to impeach him. Mr. Hencke is perfectly willing to come in here and swear this man deliberately falsified himself while on the stand." The court overruled the objection, remarking that, "If you want to impeach the testimony, you can do so the same as if he were on the stand." To this ruling the defendant excepted in person. It is due to his counsel to state that he conceded that the testimony might be read under the stipulation, and that he took no exception. The testimony of Carr was then read, but it is not preserved in the bill of exceptions. This ruling is now alleged as error.

The fact that the testimony is not preserved is a complete answer to the contention now made. We do not know what the witness testified to, and hence cannot say that the defendant was in any way prejudiced by the ruling. His testimony may have been immaterial, or it may have been beneficial to the defendant, but, in any event, it is sufficient that it does not appear that it was in the least degree injurious to the defendant's case.

*By the Court.*— Judgment affirmed.