WILLIAMS, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 3, 4. Argued September 6, 1968.—Decided October 1, 1968.*

(Also reported in 161 N. W. 2d 218.)

---

[1] *Abbott v. Truck Ins. Exchange Co.* (1967), 33 Wis. 2d 671, 148 N. W. 2d 116.

For the plaintiff in error there was a brief and oral argument by *Stanley F. Hack* of Milwaukee.

For the defendant in error the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

HANLEY, J. As a basis for review defendant alleges the following grounds:

1. He was denied a speedy trial;

2. he was denied his right to be present at all proceedings in a criminal matter;

3. there is insufficient credible evidence to sustain his conviction; and

4. a new trial should be granted in the interest of justice.

### *Speedy Trial.*

Art. I, sec. 7 of the Wisconsin Constitution and the sixth amendment of the United States Constitution guarantee an accused the right to a speedy trial.

". . . A speedy trial, generally speaking, is one conducted according to prevailing rules, regulations and proceedings of law, free from arbitrary, vexatious and oppressive delays. . . ." *Shepherd v. United States* (8th Cir. 1947), 163 Fed. 2d 974, 976.

The Supreme Court of the United States has also attempted to explain the right:

". . . This guarantee [speedy trial] is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' *Beavers v. Haubert,* 198 U. S. 77, 87. 'Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances. . . . The delay must not be purposeful or oppressive.' *Pollard v. United States,* 352 U. S. 354, 361. . . ." *United States v. Ewell* (1966), 383 U. S. 116, 120, 86 Sup. Ct. 773, 15 L. Ed. 2d 627.

Recently this court has commented on the right:

". . . the mere lapse of time does not constitute a denial of the right to speedy trial. . . . the accused must be tried as soon as the orderly operation of the court permits. . . ." *Commodore v. State* (1967), 33 Wis. 2d 373, 377, 147 N. W. 2d 283.

". . . Each case involving an alleged denial of this right turns on its own facts; . . ." *State v. Reynolds* (1965), 28 Wis. 2d 350, 353, 137 N. W. 2d 14.

In this case, Williams was arrested by a Milwaukee police officer at approximately 3:30 a. m., on June 11, 1966, in an alley behind the Greater Milwaukee Discount Store, 2345 North Third street, Milwaukee, Wisconsin, on suspicion of burglary. Subsequently a codefendant, Larry Midell, was arrested by police after a chase of a few blocks. Both were charged with a violation of sec. 943.10 (1) (a), Stats.

The defendant was taken before a magistrate on June 11, 1966. At his request a preliminary examination was set for July 8, 1966. Following the July 8th examination, Williams was bound over for trial. He was arraigned on July 21st. At that time he requested severance and waived a jury. Trial was scheduled for August 25, 1966.

Subsequently, the codefendant Midell was arraigned on July 25th. He also requested severance and waived a jury. The trial court declined to sever the trials, rescheduled the instant case, and set both matters down for trial on August 9, 1966.

On August 9th, on the motion of the assistant district attorney, the case was continued until August 30, 1966. The reason for the continuance was that the complaining witness was not in town. Bail was vacated but defendant remained incarcerated because of a parole revocation arising by reason of the charge in the instant case.

On August 30th, a separate trial of the codefendant (arising out of a matter entirely unrelated) was still in

progress. The case involving Williams was therefore adjourned to September 7, 1966.

On September 7, 1966, the trial court clerk failed to have the defendant produced from the Green Bay reformatory. Defendant's attorney stated that he would ask for dismissal since this was the third time trial had been set and frustrated through no fault of the defendant. The trial court then offered to hear the case the following Saturday or on a subsequent Friday afternoon. Neither date was acceptable to all the parties. In responding to the Saturday offer, defendant's counsel stated, "There isn't that much of a rush." The case was then set down for trial on October 21, 1966.

On October 21st, Williams was in court without counsel. His attorney had been elected district attorney for Oneida county, and he was not available for trial. Williams complained about the numerous delays and about not having been brought down from the Green Bay reformatory for the September 7th trial date. Since Williams was not represented by counsel, the case was adjourned until October 24, 1966.

On October 24th, the trial court appointed a new attorney for the defendant (the previous attorney had been privately retained). After a discussion between both defendants and their respective counsel, the day of March 9, 1967, was agreed upon for trial. Williams indicated on the record that he was satisfied with the March date.

These facts do not indicate that the defendant was denied a speedy trial. It is certainly unfortunate that such a combination of factors developed. But it is obvious that all of the fault cannot be put on the prosecution. It is equally obvious that the delays were not purposeful or arbitrary.

Nor does it appear that the delay was oppressive. Although it is true that defendant was incarcerated during this time, bail on this charge was vacated on August 9,

1966. Even if charges had been dismissed at that time, defendant would have been confined on his parole violation. Nor is there any claim that any defense available to defendant was prejudiced by the delay. The fact that he was represented by different counsel is not oppressive, especially when, as the record shows, he was adequately defended.

### Right to be Present.

There is a further contention that it was error for the trial court to grant a six weeks' adjournment (from September 7, 1966, to October 21, 1966) without the presence and consent of the defendant. When the defendant's case was called on September 7, 1966, the trial court was informed that because of the inadvertence of the clerk, the defendant had not been sent down from the Green Bay reformatory. In the presence of defendant's attorney, the case was rescheduled for October 21, 1966.

"Generally, an accused has a constitutional right to be present at all stages of his trial, though many authorities state this rule in such a way as apparently to limit it to felony prosecutions. The trial, for this purpose, is generally conceived as running from the commencement of the selection of the jury through the rendering of the verdict and the final discharge of the jury, though some statements of the right to be present speak of it as running from the finding of the indictment, or from arraignment, to final judgment. During this period, defendant has a right to be personally present when anything is done affecting him, or, as it is sometimes put, whenever any substantive step is taken by the court in his case." 21 Am. Jur. 2d, *Criminal Law*, p. 318, sec. 288.

"Defendant's right to be present does not extend to matters not a part of the trial. Accordingly, such right is generally inapplicable to matters purely preliminary to the trial, such as pretrial motions, at least when these do not involve substantial rights. . . ." 21 Am. Jur. 2d, *Criminal Law*, pp. 319, 320, sec. 290.

Wisconsin has long held that ". . . every person tried for a felony has the right to be present at the whole trial . . ." *State v. Biller* (1952), 262 Wis. 472, 479, 55 N. W. 2d 414; *Hill v. State* (1864), 17 Wis. 697 (*675). We can find no Wisconsin case that defines what is meant by "the whole trial," but even assuming that the period covered is from the indictment to the rendering of the verdict there is no problem in this situation. Certainly a proceeding which consists *entirely* of finding an acceptable new date for trial is not a "substantive step" and does not involve a "substantial right." Moreover, from a logical standpoint there was only one thing the trial judge could do when he found that the defendant was not in court. Another trial date had to be set. To argue that this violates a person's right to be present, especially under the circumstances of inadvertent mistake, is not sound.

### Insufficiency of the Evidence.

The trial court found in this case that at 3:30 a. m., on the day in question the defendant was on a utility pole inches away from a store. This store had a broken skylight and a large aperture accommodating entry into the store itself from the ceiling. Plaster was scattered on the floor of the store. These conditions had not existed the day before. A pile of clothing was on the stairs which led to a place where exit could easily have been made. Defendant was caught at the bottom of the pole by the police.

We believe there was sufficient credible evidence in the record to support each and every one of those findings. The evidence was sufficient for the trial judge to conclude "beyond all reasonable doubt that each defendant committed the burglary charged." Certainly a reasonable trier of fact could have so found.

Admittedly, the evidence is circumstantial, but this court held in *State v. Johnson* (1960), 11 Wis. 2d 130, 134, 104 N. W. 2d 379, that ". . . Circumstantial evidence

may be and often is stronger and as convincing as direct evidence. . . ." The court clearly indicated that the approach it takes when reviewing a trial court's determination of guilt based on circumstantial evidence is no different when a determination is based on direct evidence.

The facts as found by the trial court meet all of the elements necessary to sustain the conviction under sec. 943.10 (1) (a), Stats.

### New Trial in Interest of Justice.

The defendant also contends that because of prejudicial errors it lies within the discretionary power of this court under sec. 251.09, Stats., to reverse the conviction of the trial court and to order a new trial in the interest of justice. The court has handled this contention many times in the past. The language of *Commodore v. State, supra,* at page 383, disposed of a similar contention and is equally applicable to this action.

We conclude that the defendant was properly convicted of the offense charged, and it is unlikely that a new trial would result in an acquittal.

*By the Court.*—Judgment and order affirmed.