BEVERLY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 37.   Argued June 5, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 870.)

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *Victor Manian,* first assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

WILKIE, J. Although this is a case involving very serious crimes with lengthy penalties imposed, no issue as to the sufficiency of evidence to sustain the guilty

verdict has been raised and it is, therefore, unnecessary to detail the essential facts surrounding the crimes. The defendant raises two issues. Neither has merit. They are:

1. Was the defendant denied the right to be present "at every stage of a criminal proceeding" where the state filed a motion to consolidate and the trial court ordered consolidation, all in the absence of the defendant?

2. Were the constitutional rights of the defendant violated when he was at the outset of the trial remanded to the custody of the sheriff?

### *Presence at all stages.*

The defendant contends that the June 13, 1966, proceedings at which the cases were ordered consolidated and at which neither he nor his attorney were present violated his constitutional right to be present at all stages of the proceedings against him. The defendant cites several cases as authority for this argument. It is not to be disputed that a defendant does have a right under art. I, sec. 7, Wisconsin Constitution, and the sixth amendment of the United States Constitution [1] to be present during his trial. This right to be present at the trial includes the right to be present at proceedings before trial at which important steps in a criminal prosecution are often taken.[2] However, this, as other constitutional rights, can be waived. We find such a waiver here from the repeated requests, known and acquiesced in by the defendant, for consolidation of the trial of the two charges against him with the one against Bowers.

[1] *See French v. State* (1893), 85 Wis. 400, 409, 55 N. W. 566; *Williams v. State* (1968), 40 Wis. 2d 154, 161 N. W. 2d 218, and cases cited therein.

[2] *See Williams v. State, supra,* footnote 1; *Ramer v. State* (1968), 40 Wis. 2d 79, 161 N. W. 2d 209.

Furthermore, the court-ordered consolidation was clearly nonprejudicial and harmless beyond a reasonable doubt.[3]

### Revocation of bail.

The second issue raised by the defendant on this review concerns the trial court, after the selection of the jury, remanding him to the custody of the sheriff in the presence of the jury when he had previously been free on bail.

Bail on the murder charge against defendant was originally set at $25,000 but it was subsequently reduced to $5,000. On March 29, 1966, defendant posted this bail in the form of a surety bond and was released. He was not required to post bail on the robbery charge. Thus, defendant was free on $5,000 bail from March 29, 1966, to the start of the trial on November 28, 1966. This is perfectly consistent with an accused's constitutional right to reasonable bail.[4]

Defendant now argues that it was error for the trial court, after the impaneling of the jury, to revoke his bail and remand him to the custody of the sheriff.

He is not arguing that the trial court had no power to remand him to custody during the trial, but rather he is arguing that sound discretion must be exercised by the trial court and this remand cannot be arbitrary.

In *United States v. Bentvena*[5] the Second Circuit Court of Appeals discussed the trial court's authority

[3] *Chapman v. California* (1967), 386 U. S. 18, 24, 87 Sup. Ct. 824, 17 L. Ed. 2d 705. *See also*: *Whitty v. State* (1967), 34 Wis. 2d 278, 149 N. W. 2d 557; *Harrington v. California* (1969), 395 U. S. 250, 89 Sup. Ct. 1726, 23 L. Ed. 2d 284.

[4] Wis. Const. art. I, sec. 8. *See also*: *Whitty v. State, supra,* footnote 3.

[5] (2d Cir. 1961), 288 Fed. 2d 442.

to remand a defendant into custody during a trial. That court said:

". . . once the trial begins the right to bail is necessarily circumscribed by other pressing considerations. The public interest in efficient criminal prosecution becomes more pressing once a defendant goes to trial. The investment of public funds in a trial, the impanelling of a jury, and the gathering of witnesses demand that precautions be taken to ensure that the proceedings go forward and terminate with all possible dispatch consistent with due process. A defendant at large may more easily engage in subterfuges designed to delay the trial and ultimately force a mistrial, or may tamper with witnesses to undermine the proceedings against him. Thus, the dangers of releasing a defendant on bail during the course of a trial are substantially greater than those existing before trial. For these reasons, trial courts have often exercised the power to remand a defendant into custody during the trial in the exercise of sound discretion. . . ." (Citations omitted.) [6]

Recently the United States Supreme Court in *Bitter v. United States,*[7] a case originating in the federal court for the Eastern district of Wisconsin, stated:

"A trial judge indisputably has broad powers to ensure the orderly and expeditious progress of a trial. For this purpose, he has the power to revoke bail and to remit the defendant to custody. But this power must be exercised with circumspection. It may be invoked only when and to the extent justified by danger which the defendant's conduct presents or by danger of significant interference with the progress or order of the trial." [8]

The supreme court then reversed the defendant's conviction because his bail had been summarily revoked by the trial court when he returned thirty-seven minutes late after a trial recess.

---

[6] *Id.* at page 444.
[7] (1967), 389 U. S. 15, 88 Sup. Ct. 6, 19 L. Ed. 2d 15.
[8] *Id.* at page 16.

It is better practice for the trial court when and if it revokes bail, to state reasons for so doing. By so stating, and showing factors justifying the revocation, subsequent charges of arbitrariness and abuse of discretion will be minimized. The *Bitter Case* does not, however, make such a statement by the trial judge a constitutional condition precedent to the revocation of bail. Revocation of bail with a remand to the sheriff's custody is still within the trial court's discretion. Defendant must show prejudice to his rights to establish an abuse of discretion. As was pointed out in another recent federal case, *United States v. Allison*,[9] the supreme court in *Bitters* was actually dealing with a commitment order more in the nature of a contempt order imposing sanctions without compliance with procedural requirements when it reversed the conviction. The *Allison* court was of the opinion that in *Bitters* the court did not intend to abrogate the harmless-error rule where the commitment order was designed to facilitate the conduct of the trial.

Here the commitment order was apparently designed for that purpose. There is nothing alleged here which in any way indicates any prejudice flowing to the defendant because of this order. Defendant was not denied a right to a fair trial and there is no showing that defendant's incarceration materially impeded the conduct of his defense. He had been free on bail for at least eight months prior to the trial. In addition the claim that remanding defendant to custody prejudiced him in the eyes of the jury as a "dangerous man" is without foundation absent a showing that the jury was aware that he had previously been on bail.[10] On oral argument, the assistant district attorney of Milwaukee county pointed out that it is customary in the Milwaukee county courts to remand defendants charged with serious crimes

[9] (9th Cir. 1969), 414 Fed. 2d 407.
[10] *Id.* at page 414.

to the custody of the sheriff during the trial. This would indicate that in all probability the trial court, in doing this, did not think that defendant's rights were in any way prejudiced. It was customary to do this in serious cases so it was done here. Also, it should be noted that no objection was made by the defendant at the time of remand. In addition, the record is devoid of any attempt on defense counsel's part during the trial to seek the defendant's release. In these circumstances we must conclude that defendant was not prejudiced and cannot now claim to have been prejudiced. Nothing has been shown to indicate the trial court abused its discretion.

*By the Court.*—Orders affirmed.