E. MICHAEL MCCANN, District Attorney Milwaukee County
You have asked my opinion whether ch. 112, sec. 10, Laws of 1979, the recently enacted bail reform statute, violates the second sentence of Wis. Const. art. I, sec. 8.I have concluded that this legislation probably does not violate the constitution.
Chapter 112, Laws of 1979, has the following intended effects:
 1) Specifies that a violation of a bail condition constitutes a ground for a court's increasing the amount of bail or in some other respect altering bail conditions. *Page 165 
 2) Requires as a condition of all bail releases that commission of a crime may result in an increase of the bail amount or alteration of bail conditions.
 3) Further provides that violation of the no-crime condition of bail constitutes a ground for revocation of bail where the new crime and the previous offense are both "serious crimes" as defined by the act.
Clearly, the enactment of legislation resulting in the first two effects is within the discretion of the Legislature and presents no constitutional difficulties. The third intended effect poses a potential conflict with Wis. Const. art. I, sec.8, which provides's "[a]ll persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great."
The United States Constitution does not have a comparable provision to Wis. Const. art. I, sec. 8. Numerous states do, however, and have dealt with issues similar to those raised by your request. Had the Legislature enacted a statute providing for the denial of bail when the likelihood existed that the accused would commit additional crimes while out on bail, such a preventive detention law would probably be in violation of Wis. Const. art. I, sec. 8. Commonwealth v. Truesdale, 449 Pa. 325,296 A.2d 829 (1972); In re Underwood, 107 Cal. Rptr. 401,508 P.2d 721 (1973); State v. Pray, 133 Vt. 537, 346 A.2d 227 (1975) and Martin v. Alaska, 517 P.2d 1389 (Alaska 1974).
The Legislature, however, wisely chose another course which avoids the constitutional hurdle presented by preventive detention laws. Instead of providing for detention when the public safety may be threatened by the accused, the Legislature chose to impose as a condition of bail that the accused not commit any specified crime. If this condition is violated, a hearing is held at which the state has the burden of proving by clear and convincing evidence that the defendant committed the offense while on bail. A full panoply of rights and constitutional safeguards are afforded the accused at the bail revocation hearing.
The courts have uniformly held that conditions can be imposed on bail. The question then arises of what remedies are available to the court for violating these conditions. When the conduct of an accused interferes with the orderly administration of justice, bail can be revoked in spite of constitutional or legislative declarations to the *Page 166 
contrary. In State v. Dodson, 556 S.W.2d 938 (Mo. APP. 1977), the court upheld the denial of bail to an individual charged with multiple counts of murder after a hearing in which evidence was adduced showing that the accused would be a threat to prospective witnesses even though Missouri had a constitutional provision identical to Wis. Const. art. I, sec. 8.
In United States v. Smith, 444 F.2d 61, 62 (8th Cir. 1971),cert. denied, 405 U.S. 977 (1972), the court discussed the concept of bail in general: "While bail is favored and is granted in the ordinary course of events, an accused by his actions can forfeit the right to bail and the court is under a duty to protect prospective witnesses." See generally, United States v.Kirk, 534 F.2d 1262, 1280-81 (8th Cir. 1976), which upheld the inherent power of a court to revoke bail and which reaffirmed the holding in Smith.
As mentioned above, the United States Constitution does not have a provision comparable to our Wis. Const. art. 1, sec. 8. Similar wording does exist in Rule 46 (a)(1) of the Federal Rules of Criminal Procedure which incorporates 18 U.S.C. sec. 3146, etal. Under these provisions, an individual in a noncapital caseshall be admitted to bail. In Fernandez et al. v. United States,81 S.Ct. 642 (1961), multiple defendants applied to a Supreme Court justice for release on bail. Their bail had been revoked during trial, and they alleged this revocation violated the above-stated rule. Mr. Justice Harlan specifically refuted their argument that the mandatory language of the federal rule gave an absolute right to bail prior to conviction. He stated:
 I agree with the reasoning of the Rice Case, and believe that, on principle, District Courts have authority, as an incident of their inherent powers to manage the conduct of proceedings before them, to revoke bail during the course of a criminal trial, when such action is appropriate to the orderly progress of the trial and the fair administration of justice.
 Fernandez et al., 81 S.Ct. at 644.
The Wisconsin Supreme Court has ruled in a similar manner on two occasions. See, Beverly v. State, 47 Wis.2d 725,177 N.W.2d 870 (1970) and Mulkovich v. State, 73 Wis.2d 464, 243 N.W.2d 198
(1976). Neither of these cases discussed Wis. Const. art. I, sec.8, but in both instances the court upheld the right to revoke bail after a hearing. *Page 167 
The State of Illinois also has a constitutional provision identical to Wis. Const. art. I, sec. 8. In People ex rel.Hemingway v. Elrod, 60 ill.2d 74, 322 N.E.2d 837 (1975), the petitioner, who was charged with a noncapital offense and denied bail prior to trial, challenged the trial court's action in light of the Illinois constitutional provision which seemingly made the right to bail absolute. In denying that this provision made bail absolute, the court stated: "In our opinion the constitutional right to bail must be qualified by the authority of the courts, as an incident of their power to manage the conduct of proceedings before them, to deny or revoke bail when such action is appropriate to preserve the orderly process of criminal procedure." People ex rel. Hemingway, 322 N.E.2d at 840. The court then discussed the work of the advisory committee on pretrial proceedings of the American Bar Association Project on Minimum Standards for Criminal Justice and noted that Standard 5.8 of the American Bar Association Standards Relating to Pretrial Release (1968) specifically upholds the right of a court to revoke bail in situations where probable cause have been shown that the accused committed a serious crime while on bail. The court in discussing their bail law dealing with breaches of the conditions of bail stated:
 The court has the inherent authority to enforce its orders and to require reasonable conduct from those over whom it has jurisdiction. To this end the court has the authority to impose sanctions for the violation of conditions imposed upon a defendant's release and for the commission of a felony by a defendant while released on bail or recognizance, including the revocation of his release in the manner provided in Standards 5.6, 5.7 and 5.8.
The seemingly absolute right to bail which constitutional provisions such as Wis. Const. art. I, sec. 8, appear to give is thus anything but absolute. See, Tijerina v. Baker, 78 N.M. 770,438 P.2d 514 (1968). In Rendel v. Mummert, 106 Ariz. 233,474 P.2d 824 (1970), the court faced a constitutional provision appearing to grant an absolute right to bail. The court upheld the right to revoke bail prior to trial under circumstances like those set forth in ch. 112, sec. 10, Laws of 1979, relying upon the American Bar Association Standards Relating to Pretrial Release (1968). The law which you question complies with these American Bar Association Standards.
The revocation of bail prior to trial has the same result as preventive detention — the denial of liberty to a presumably innocent person. *Page 168 
Yet the former can be distinguished from the latter on many policy grounds. Revocation is not mandatory under Wisconsin's new bail law while often it is under preventive detention schemes. One of the major difficulties with preventive detention is that it calls upon the court to prognosticate potential criminal behavior. The judge must decide if the accused poses a threat to society. Under the Wisconsin proposal, such is not the case for the keys to the jail house are placed in the hands of the defendant. If that person avoids all criminal conduct, freedom will be continued. If serious crimes are probably committed as demonstrated through a constitutional procedure before the court, incarceration may result. As long as the pretrial detention is not absolute and as long as it is invoked for violating lawful orders of the court issued as condition of bail, ch. 112, sec. 10, Laws of 1979, is not in violation of Wis. Const. art. 1, sec.8.
BCL:MLZ